IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT

**FILED SCRANTON**
MAY 12 2021
PER _____ DEPUTY CLERK

IN RE: ERIK FUNK V. C/O SILVERIO, et al.

ORDER TO SHOW CAUSE
AND TEMPORARY RESTRAINING ORDER

Upon consideration and supporting declaration of plaintiff and the accompanying memorandum of law it is

ORDERED that defendants C/O Silverio and Sgt. Zito show cause in the United States Courthouse, 235 North Washington Avenue, Scranton, PA 18501 on the day of _____, at ___ AM/PM why a preliminary injunction should not issue pursuant to Rule 65(a), Fed. R. Civ. P., enjoining the said defendants, their successors in office, agents, and employees and all other persons acting in concern and participation with them, to provide a medically appropriate course of physical therapy to the plaintiff design to restore and maintain the full function of his ankles, wrist, and eye that was closed shut by C/O Silverio and complete body pain/shock.

It is further ORDERED that effective immediately and pending the hearing and determination of this matter, defendants Silverio and Zito shall arrange for plaintiff to be examined by a qualified eye Dr. and qualified orthopedic Dr. and to obtain from these specialist an evaluation of the conditions of plaintiffs ankles, wrist, head,

1 of 2

and eye closed shut and a prescription for a course of physical therapy for his body that will restore and maintain the full function of ankles, wrist, head, body, and eye closed shut

It is further ORDERED that this ORDER to SHOW CAUSE, AND ALL OTHER PAPERS ATTACHED TO THIS APPLICATION SHALL BE SERVED on C/O SILVERIO, SGT. ZITO By _____ AND THE UNITED STATES MARSHALS SERVICE IS HEREBY DIRECTED TO EFFECTUATE SUCH SERVICE

United States
District Judge

2 of 2
(f. 2)

painful and I suffer irreparable harm if my conditions are not thoroughly treated for this physical and mental pain and suffering.

7) together PrimeCare, and Warden Haidle together they can come together to get me the proper medical treatment I need from this brutal assault.

8) For the reasons set forth in the memorandum of law filed with this motion I'm entitled to a TRO for Silverio and Zito and for arrangements to be made to immediately take me to pocono medical center for emergency medical care and for a preliminary injunction for PrimeCare and Warden Haidle to give me proper medical treatment and keep Silverio and Zito away from me.

9.) For these reasons, the court should grant the plaintiffs motion in all aspects.

Pursuant to 28 U.S.C. §1746, I declare, under the penalty of perjury that the foregoing is true and correct.

Respectfully Submitted
Erik C. Funk
/s/ Erik C. Funk
DATED: 5-8-21

2 of 2

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT

IN RE: Funk v. C/O Silverio, et al. #

MEMORANDUM OF LAW
IN SUPPORT OF TRO AND IN SUPPORT OF PRELIMINARY INJUNCTION

Statement of Case:

This civil action brought under 28 U.S.C. 1983 by prisoner who head was bashed in, eye closed shut, and injuries on the ankles and wrist, and staff depriving me appropriate medical care. Plaintiff seeks a TRO and preliminary injunction to be seperated from SGT Zito and C/O Silverio and to receive proper medical care.

Statement of Facts:

As stated in the declaration submitted with this motion, C/O Silverio and SGT Zito assaulted me while in shackles and handcuffs, I was denied medical treatment by Nurse Daly, defendants are not providing proper medical care for his pain and suffering, stiffness, closed eye shut, head injuries, body pain, and wrist and ankle pain. In fact, defendants are trying to cover it up and why I need immediate medical care / mental and physical therapy, and to continue to deprive me medical care, I will suffer irreperable harm.

Arguments

Point 1, the plaintiff is entitled to a temporary
1.

restraining order and a preliminary injunction — in determining whether a party is entitled to a TRO or a preliminary injunction, courts generally consider several factors; whether the party requested will suffer irreparable injury, the balance of hardships between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favor grant of this motion.

(c) The plaintiff alleges that he was brutally assaulted, denied medical care to his serious medical need contrary to his injuries and such conduct to assault an inmate (AS C AM SCARED OF SILVERIO AND KNOW HE WILL DO IT AGAIN AND HARASSES AND THINK HE IS ABOUT TO KILL(k)) AND HIS DAILY CCER VIOLATED OF 8TH AMENDMENT AND 14TH AMENDMENT VIOLATERS. Estelle v. Gamble, 429 U.S. 97 — that intentional interfering with treatment that needs to be prescribed is a form of unlawful deliberate indifference. As a matter of law, the continued deprivation of constitutional rights constitutes irreparable harm. In addition, the plaintiff is threatened with irreparable harm (REQUESTED) because Sgt Zito now wants to harass me, they Zito and Silverio are assaulting inmates committing crimes, and the nature of my injuries that requires emergency medical treatment that if I do not receive proper treatment at the proper time, I can die, I'm in pain, it hurts. I need to go to the hospital.

(d) In deciding whether to grant a TRO and

2

preliminary injunction, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) – holding that ~~[struck text]~~ state prisoners interest in safety and medical outweighed states interest in saving money by cutting staff.

The present suffering (pain and mental anguish and harassment by Zito who thinks he's untouchable like the (an assaulting inmates) and my potential suffering if I permanently lose my eye or my head and body injuries become permanent. The suffering I'll experience if the court grants the order will consist of taking plaintiff to the hospital or suitable DR. then carrying out DR. orders, and to completely seperate me from Sgt Zito and Silverio who should be barred from entering the building to stop the assaults, harassment, and intimidation by these guards and my hardship amounts to no more than business as usual.

(E) I will likely proceed on the merit and what defendant daily did was intentionally interfere with medical treatment, intentionally brutal assault by Zito and Silverio which is all unconstitutional to a pretrial detainee and the relief sought will serve the public interest this is known from our Supreme Court stating – THE CONSTITUTION IS THE ULTIMATE EXPRESSION OF THE PUBLIC INTEREST AND THESE BRUTAL ASSAULTS OF ME AND OTHERS AND C/O'S TOLERANCE THEY ARE

3

above the law committing crimes and deprived of medical care to cover up what was done to me and the serious medical dangers confronting the plaintiff, this brutal assault on my head, body, and my eye completely shut while in handcuffs and shackles. I'm scared, and this is not an isolated incident, this court should grant the relief requested or I risk being killed, mentally damaged, harassed, and I will be continued assaulted while in shackles and handcuffs.

For the foregoing reasons, the court should grant the motion TRO and Preliminary injunction in its entirety or whatever the court deems just.

Relying on Flowers v. Phelps, 956 F.2d 488, 489 5th Cir 1992; Cooper v. Casey, 97 F.2d 914,919-20 7th Cir 1996; Helsel v. Tussel, 241 F.Supp.2d 1363, 1369, 1323 D.Kan 2003; Miller v. Shelby County, 93 F.Supp.2d 892, 902 W.D. Tenn 2000; Straub v. Monge, 815 F.2d 1467, 1468 11th Cir 1987; Lewis v. Cooper, 771 F.2d 334, 335 7th Cir 1985; AND PUNITIVE DAMAGES NEED to BE AWARDED to punish them for their actions and suppose to STINK so as to deter defendants reprehensible conduct. And as in Walker v. Norris, 917 F.2d 1449, 1457 - while guards looked on and did nothing to watch Zito and Silverio brutally assault me, the use of excessive force to cause serious injury to, to deprive medical care I pray, this court grant me a TRO and preliminary injunction against Zito and Silverio.

DATED:                               Respectfully submitted
                                     Erik C. Funk
                                     SIGN LAW CTR
                                     PRO SE

9.

Erik Funk (30101097)
4250 Money Dr.
Stroudsburg, PA 18360

RECEIVED
SCRANTON
MAY 12 2021
PER _____
DEPUTY CLERK

Office of the Clerk
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal BLDG. and U.S. Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

18501-1148



LEHIGH VALLEY PA
10 MAY 2021